IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN M. HARTY,

                 Plaintiff,

  vs.                                          CIVIL NO.  09-831 LH/LFG

GENE MITCHELL and
JEFF MOREHOUSE,

                Defendants.

## MEMORANDUM OPINION AND ORDER
## ALLOWING LIMITED WAIVER OF COSTS
## AND DISMISSING ACTION WITHOUT PREJUDICE

THIS MATTER is before the Court on John M. Harty's ("Harty") Complaint for damages. Harty did not pay a filing fee, but, instead, submitted an Application to Proceed Without Prepayment of Fees and Affidavit [Doc. 3] pursuant to 28 U.S.C. § 1915.

The intent of the *in forma pauperis* statute is to facilitate access to the courts and to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948).

Harty's Application indicates that he is on disability and has no property or assets with which to prosecute his litigation.  Accordingly, the Court will authorize the filing of his Complaint without payment of a filing fee.

### Authority for *Sua Sponte* Analysis

While Congress removed barriers to court access for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by

the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).

In response to this congressional concern, federal courts "shall" dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Moreover, the United States Supreme Court's recent decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); and Ashcroft v. Iqbal, __ U.S. __ 129 S. Ct. 1937 (2009), impose responsibilities on a court to scrutinize a complaint to ensure it meets specific pleading requirements. A court may dismiss a complaint if it is obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1109-1110 (10th Cir. 1991).

## Harty's Allegations

Harty contends that two New York City police officers violated his federally protected rights in their investigation and prosecution of parole violation charges. He asserts that in 2005 and 2006, they conspired to "set him up" for a parole violation. He seeks monetary damage for the alleged violation of his rights.

## Analysis

Federal courts are not courts of general jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1968). Therefore, it is incumbent on a court to determine its jurisdiction. Garrett v. Stratman, 254 F.3d 946, 951 (10th Cir. 2001). A court must have both subject matter and *in personam* jurisdiction.

Harty alleges violations of his federally protected rights. Thus, a federal court would, indeed, have subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), as these two sections grant a federal court authority to hear cases involving the United States Constitution,

violation of federally protected rights, and violations of civil rights by one acting under color of state law.  However, more is needed.  For a court to act, it must also have *in personam* jurisdiction.

> [T]o subject a defendant to a judgment *in personam* . . . [he must be] present within the territory of the forum, [or] he [must] have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Harty's Complaint indicates that the Defendants have no physical presence in the forum state, but, rather, are New York police officers who reside in Penn Yan, New York.  All acts alleged giving rise to the Complaint occurred in New York.  Physical presence of the Defendants in the forum state is not the only way for a federal court to have *in personam* jurisdiction.  Dobb v. Chevron USA, Inc., 39 F.3d 1064, 1067 (10th Cir. 1994).  The question of whether a federal court has *in personam* jurisdiction over a non-resident defendant is determined by the law of the forum state–in this case, New Mexico.  Yarbrough v. Elmer Bunker & Assoc., 669 F.2d 614 (10th Cir. 1982).

Harty does not assert that Defendants engaged in any continuous and systematic conduct that demonstrates an attempt to subject themselves to New Mexico's laws.  They are not alleged to have committed any tort in New Mexico or even driven a motor vehicle within this forum.  Indeed, nothing in Harty's Complaint asserts any contact, much less minimum contacts, with the State of New Mexico.  *See* NMSA (1978) § 38-1-16; State Farm Mut. Ins. Co. V. Conyers, 109 N.M. 243, 784 P.2d 986 (1989).

Asserting *in personam* jurisdiction over two non-resident Defendants for conduct allegedly occurring in the State of New York would offend principles of fair play and justice, and would, in a phrase, violate Defendants due-process rights.  The Court concludes that it lacks *in personam*

jurisdiction over Defendants.

The Court authorizes the Complaint to be filed without payment of costs or fees, but dismisses the Complaint without prejudice for lack of *in personam* jurisdiction.

IT IS SO ORDERED.

_____
SENIOR UNITED STATES DISTRICT JUDGE